TALIAFERRO, Judge.
Plaintiff sued to recover the sale price of thirty-six Comfortair Fans shipped to defendant on September 14, 1946. To support its suit, plaintiff alleged that on April 10, 1946, defendant placed with it an order for the fans through Hurley H. Engstrom, agent and official of the defendant corporation; that on September 3, 1946, plaintiff addressed a letter to defendant, in which it was advised that within a few days a shipment of the Comfortair fans would be received by it, and unless advised to the contrary: “Your order will be shipped”; that the letter was returned to petitioner with the following notation thereon: “Thanks. Please ship. J. A. Engstrom”; that acting upon the original order and this notation the fans were promptly shipped to defendant and payment of the price thereof has been refused after repeated demands.
Defendant resists the suit on the ground that it, through said Hurley H. Engstrom, intended to order Buss or Table type fans, whereas the Comfortair fan is a combination fan and heater, and that the salesman of plaintiff misrepresented the character of the Comfortair fan to said Hurley H. Eng-strom in order to procure the order sued upon, and that it did not wish to purchase fans of the character as those shipped; in fact, did not intentionally order them.
Plaintiff’s demand was rejected and its suit dismissed. This appeal is prosecuted by it.
Hurley H. Engstrom was a son of J. A. Engstrom, President of defendant corporation. He died before this controversy arose and, therefore, we are without his testimony. At the time the order for the fans was given to plaintiff’s salesman, the son was in charge of defendant’s business and had authority to place the order. The order for the fans was written up by the salesman at the time it was given, but was not signed by young Hurley or any other person representing defendant company. J. A. Engstrom had no knowledge of the order, other than, perhaps, that it had been placed, until the letter to him advising that the fans would be shipped unless he advised to the contrary, was received.
Plaintiff’s salesman, Hubert Mayeux, testified that he had been selling merchandise to defendant for several years, and, it is shown, their business relationship had been uniformly pleasant; that he regarded highly young Hurley H. Engstrom and knew his “word was his bond”, and for this reason did not require his signature to the order. This salesman further testified that the mechanics of the Comfortair fan were fully explained by him to young Hurley, and literature on the subject, amplifying his representations, was shown to and considered by him at the time the order was given.
The testimony of the salesman, together with defendant’s own admission that the fans had been received and not paid for, made out the case in favor of plaintiff. There is no testimony or evidence whatever to the contrary.
 Mr. Engstrom did not testify that his son was not fully informed and understood the character of fans he had ordered; nor did he testify that the character of the fans was misrepresented by the salesman. He did testify that he thought the word “Comfortair” was simply a trade name, and had no reason to think the fan had heating quality in addition to its cooling quality.
■ The case simply turns upon the weight of the testimony. Clearly, it is with the plaintiff.
While the case was pending defendant’s corporate name, “J. A. Engstrom, Inc.”, was changed (by corporate action) to “Eng-strom’s of Alexandria, Inc.” Through appropriate procedure the new corporate name was substituted for the old one.
For the reasons herein assigned, the judgment from which appealed is annulled, *112 avoided and reversed, and the law and evidence being in favor of plaintiff, Schoell-kopf Company, Inc., and against defendant, Engstrom’s of Alexandria, Inc., there is now judgment for plaintiff and against said defendant, in the sum of Five Hundred Sixty-Nine and 52/100 Dollars, with legal interest thereon from October 14, 1946, and for all costs of suit.